UNITED STATES, Appellee

v

ROLAND E. HOLMES, JR., Private, U. S. Marine Corps,
Appellant

No. 27,993

NCM 73-1690

UNITED STATES, Appellee

v

DAVID C. HUFF, Private, U. S. Marine Corps, Appellant

No. 28,033

NCM 73-1433

March 29, 1974

*Captain T. O. Tottenham,* USMCR (No. 28,033), and *Lieutenant Stephen T. Myking,* JAGC, USNR (No. 27,993), were on the pleadings for Appellants, Accused.

*Lieutenant Colonel G. L. Bailey,* USMC, and *Lieutenant Thomas L. Earp,* JAGC, USNR, were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

In each of these connected cases the lapse of more than 90 days between accused's confinement and trial was the basis for a defense motion to dismiss for untimely prosecution. See United States v Burton, 21 USCMA 112, 44 CMR 166 (1971). The motion was denied, and the ruling was sustained by the U. S. Navy Court of Military Review.

Although the court described the offenses as complex, they essentially dealt with exertions of force or the making of threats. The victims of the alleged offenses were always available, as were eyewitnesses. The justification for the delay presented by the Government consisted largely of routine clerical mistakes and other normal and anticipatory management problems of personnel, none of which impress us as problems "beyond the control of the prosecution" justifying the delay in bringing the charges to trial. United States v Marshall, 22 USCMA 431, 434, 47 CMR 409, 412 (1973).

The decision of the Court of Military Review in each case is reversed. The findings of guilty and the sentence are set aside, and the charges as to each accused are ordered dismissed.